Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| VIRGENMINA BERROCALES LUGO<br><br>Apelante<br><br>V.<br><br>AUTORIDAD DE TIERRAS DE PUERTO RICO; OFICINA DE GERENCIA DE PERMISOS; ASDRUBAL CRUZ CARABALLO Y SU ESPOSA SARA BERROCALES LUGO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Apelados | KLAN202500267 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2024CV00869<br><br>Sobre: Mandamus, Sentencia Declaratoria y Daños y Perjuicios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 15 de mayo de 2025.

El 31 de marzo de 2025, compareció ante este Tribunal de Apelaciones, la señora Virgenmina Berrocales Lugo (en adelante, parte apelante o señora Berrocales Lugo), mediante recurso de *Apelación*. Por medio de este, nos solicita la revisión de la *Sentencia Parcial* emitida el 29 de enero de 2025 y notificada el 30 de enero de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Mayagüez. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la solicitud de desestimación presentada por la Oficina de Gerencia de Permisos del Departamento de Desarrollo Económico y Comercio (en adelante, OGPe o parte apelada).

Por los fundamentos que se exponen a continuación, se confirma el dictamen apelado.

**I**

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Demanda* sobre *mandamus*, sentencia declaratoria y daños y perjuicios, interpuesta por la señora Berrocales Lugo en contra de la OGPe, la Autoridad de Tierras de Puerto Rico, el señor Asdrúbal Cruz Caraballo, el señor José Cruz Caraballo, la señora Sara Berrocales Lugo y la Sociedad Legal de Gananciales compuesta por ambos.

Posteriormente, la señora Berrocales Lugo presentó la *Demanda Enmendada*. La parte apelante, alegó ser usufructuaria de la finca familiar del Proyecto Maravista Núm. 24, ubicada en el pueblo de Sabana Grande y perteneciente al Programa de Fincas Familiares de la Autoridad de Tierras de Puerto Rico. Explicó que, junto con el señor Asdrúbal Cruz Caraballo, en el 1979 firmó un contrato privado de cesión de usufructo donde adquirieron el usufructo de la mencionada finca. Añadió que, para abril de 1985, también firmaron un *Contrato de Usufructo* con la Corporación de Desarrollo Rural, a pagarse un canon por semestres adelantados. Asimismo, sostuvo que, en el año 2018 terminó de pagar la cantidad acordada por el aludido contrato.

De las alegaciones de la *Demanda Enmendada* surge que, el 14 de octubre de 2020, la señora Berrocales Lugo y el señor Asdrúbal Cruz Caraballo suscribieron un *Acuerdo de Cesión de Derechos*, mediante el cual este último cedió su participación a favor de la aquí apelante, puesto que esta era quien había trabajado y cuidado la finca, y la única usufructuaria. Consecuentemente, la señora Berrocales Lugo le solicitó a la Autoridad de Tierras que le otorgara la titularidad de la parcela por ser la única usufructuaria. La parte apelante arguyó que, ante la falta de respuesta por parte de la Autoridad de Tierras, el 16 de junio de 2023, le remitió una misiva mediante correo certificado donde reiteró su solicitud. Alegó

que, la Autoridad de Tierras se había negado otorgarle la titularidad y que le había expresado que tenía intención de otorgarle una cuerda del terreno al señor José Cruz Caraballo y a su esposa Sara Berrocales Lugo en calidad de donación. De igual manera, sostuvo que, el señor José Cruz Caraballo y su esposa obtuvieron mediante Resolución Conjunta del Senado Núm. 27 del 15 de mayo de 2019, aprobación para segregar la finca en cuestión. La parte apelante mencionó que, el proceso de segregación fue llevado a cabo sin su conocimiento y autorización. Asimismo, arguyó que, la Autoridad de Tierras, contrario a la reglamentación vigente, solicitó y obtuvo la aprobación para segregar un predio de terreno y separarlo de la Finca #24. Sostuvo, además que, el 2 de agosto de 2022 fue aprobado por la OGPe el plano de inscripción 2020-327090-API-015036 para la segregación de un predio de 3930.3956 metros cuadrados de la Finca #24. Hizo mención de que, el anuncio de la segregación solicitada fue colocado después de haber medido la finca y que, nunca se le notificó a la señora Berrocales Lugo como colindante ni como titular del usufructo.

En la *Demanda Enmendada*, la parte apelante alegó que, en el proceso de segregación, el señor Asdrúbal Cruz Caraballo había renunciado al derecho de usufructo ante la Autoridad de Tierras. A tales efectos, la Autoridad de Tierras emitió un comentario y/o carta con el fin de enmendar la segregación aprobada y que, apareciera el nombre del señor José M. Cruz Caraballo como el nuevo usufructuario del predio. Asimismo, presentaron un plano sustituto donde se cambió el nombre del usufructuario del predio. La parte apelante, aseguró que, la segregación efectuada ante la OGPe no siguió el debido proceso de ley y violó sus derechos. Puntualizó que, la Autoridad de Tierras tenía el deber de informarle del proceso que estaba llevando a cabo e incluirla mientras era co-usufructuaria en conjunto con el señor Asdrúbal Cruz Caraballo.

Por último, solicitó al foro primario que emitiera una orden de *mandamus* donde le ordenara a la Autoridad de Tierras a entregar la titularidad de las 11.1385 cuerdas de la parcela #24 del Proyecto Maravista de Sabana Grande. Así como que, se dejara sin efecto la segregación aprobada por ser contraria a la política pública establecida por el Gobierno de Puerto Rico.

En respuesta, la OGPe presentó la *Solicitud de Desestimación y Contestación a la Demanda*. La OGPe explicó que, la Ley Núm. 161-2009, *infra*, provee un procedimiento extraordinario para solicitar la revocación de determinaciones finales y permisos o la paralización de usos u obras bajo ciertas circunstancias extraordinarias. En particular, citó el Art. 14.1 del aludido estatuto, el cual establece que, procederá la revocación de un permiso ya expedido cuando el solicitante del permiso lo hubiera obtenido mediante la utilización de información incorrecta o falsa. Asimismo, la OGPe sostuvo que, en la medida en que la parte apelante solicitó la revocación de un permiso final y firme, mediante un procedimiento extraordinario de *injunction* estatutario al amparo del Art. 14.1 de la Ley Núm. 161-2009, *infra*, esta se encontraba obligada a establecer *prima facie* que el permiso de uso se obtuvo al proveer información incorrecta o falsa o mediando fraude, dolo, engaño, extorsión, soborno o la comisión de algún otro delito. Cónsono con ello, la OGPe argumentó que la parte apelante había incumplido con los requisitos estatutarios impuestos en el Art. 14.1 de la Ley Núm. 161-2009, *infra*. La OGPe añadió que, no procedía el *mandamus* en su contra, debido a que no tenía ningún deber ministerial que cumplir conforme a los hechos expuestos en la *Demanda Enmendada*.

Por otro lado, la señora Berrocales Lugo presentó la *Oposición a Desestimación al Amparo de la Regla 10.2 (3) y Otras*. Arguyó que, no procedía la desestimación de la *Demanda Enmendada*, en la

medida en que, al apreciar y analizar sus alegaciones liberalmente y de la manera más favorable al demandante, se desprendía que, la aprobación para segregar el predio y separarlo de la finca se obtuvo a base de información incorrecta o falsa provista a la OGPe en violación a la Ley.

Transcurridas varias incidencias procesales, innecesarias pormenorizar, el Tribunal de Primera Instancia emitió *Sentencia Parcial* el 29 de enero de 2025, la cual fue notificada al día siguiente. En la misma, el foro apelado acogió la solicitud de desestimación presentada por la parte apelada, y dictaminó lo siguiente:

> Por los fundamentos anteriores, el Tribunal declara HA LUGAR la solicitud de desestimación presentada por la codemandada OGPe y, en consecuencia, se dicta sentencia parcial desestimando la demanda en contra de la codemandada OGPe, sin especial imposición de gastos, costos y honorarios.

> Esta Sentencia Parcial se dicta por no existir impedimento legal alguno para posponer dictar la misma hasta la resolución final del presente caso de conformidad con la Regla número 42.3 de las Reglas de Procedimiento Civil de 2009.

Inconforme con lo resuelto, la parte apelante acudió ante este foro mediante *Apelación*, en la cual esgrimió el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al desestimar la demanda contra la Oficina de Gerencia de Permisos (OGPe) señalando que la demanda presentada no expone una reclamación que justifique la concesión de un remedio cuando se desprende de las alegaciones de la demanda que la autorización se obtuvo mediando engaño y en violación a la Ley, a la política pública establecida por el Estado Libre Asociado de Puerto Rico y al Debido Proceso de Ley.

El 30 de abril de 2025, la parte apelada compareció mediante *Alegato en Oposición a Apelación*.

Con el beneficio de la comparecencia de las partes procedemos a resolver.

## II

### A. Ley Núm.161 de 1 de diciembre de 2009

La Ley para la Reforma del proceso de Permisos de Puerto Rico, Ley Núm. 161 de 1 de diciembre de 2009, según enmendada, (Ley Núm. 161-2009), fue aprobada a los fines de reformar y transformar el sistema de obtención de permisos[1]. *Díaz Vázquez et al. v. Colón Peña et al.*, 2024 TSPR 113, 214 DPR ___ (2024); *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228 (2014). A través del referido estatuto, fue establecido como política pública el mejorar la calidad y eficiencia de la administración de los procesos de evaluación de solicitudes para el otorgamiento, autorización o denegación de licencias, inspecciones, querellas, certificaciones, autorizaciones y cualquier trámite necesario o que incida de forma alguna en la operación de un negocio en Puerto Rico, así como determinaciones finales y permisos para desarrollos de proyectos de construcción. Art. 1.2 de la Ley Núm. 161-2009; *Díaz Vázquez et al. v. Colón Peña et al.*, supra; *Horizon v. Jta. Revisora, RA Holdings*, supra, pág. 236.

Es por lo que, nuestro Máximo Foro ha reconocido que, la Ley Núm. 161-2009, *supra*, "es la disposición legal que establece el marco jurídico y administrativo que rige la solicitud, evaluación, concesión y denegación de permisos por el Estado Libre Asociado de Puerto Rico". *Díaz Vázquez et al. v. Colón Peña et al.*, supra; *Horizon v. Jta. Revisora, RA Holdings*, supra, pág. 236. Cónsono con ello, mediante la Ley Núm. 161-2009, *supra*, fue creada la Oficina de Gerencia de Permisos (OGPe), como una Secretaría Auxiliar del Departamento de Desarrollo Económico y Comercio. Art. 2.1 de la Ley Núm. 161-2009, *supra*; *Díaz Vázquez et al. v. Colón Peña et al.*, supra. Asimismo, el aludido estatuto le provee a la OGPe la facultad

---

[1] Exposición de motivos de la Ley Núm. 161-2009.

para evaluar, conceder o denegar determinaciones finales, permisos y cualquier trámite relacionado con el desarrollo de obras de construcción y el uso de terrenos.  Art. 2.5 de la Ley Núm. 161-2009, *supra*, *Díaz Vázquez et al. v. Colón Peña et al.*, supra.

Por otro lado, el Art. 9.10 de la ley Núm. 161-2009, *supra,* sostiene lo siguiente:

> Se presume la corrección y la legalidad de las determinaciones finales y de los permisos expedidos por la Oficina de Gerencia de Permisos, por el Municipio Autónomo con Jerarquía de la I a la V y por los Profesionales Autorizados. No obstante**, cuando medie fraude, dolo, engaño, extorsión, soborno o la comisión de algún otro delito en el otorgamiento o denegación de la determinación final o del permiso**, o en aquellos casos en que la estructura represente un riesgo a la salud o la seguridad, a condiciones ambientales o arqueológicas, **la determinación final emitida y el permiso otorgado por la Oficina de Gerencia de Permisos, por el Municipio Autónomo con Jerarquía de la I a la V o por el Profesional Autorizado, deberá ser revocado**. La estructura se podrá modificar, conservar o demoler, sólo después de que un Tribunal competente así lo determine y siguiendo con el procedimiento judicial establecido en el Capítulo XIV de esta Ley, además de cumplir con el debido proceso de ley.
>
> Además, se dispone que bajo ninguna circunstancia, una determinación final será suspendida, sin mediar una autorización o mandato judicial de un Tribunal competente o el foro correspondiente, en estricto cumplimiento con el debido proceso de ley. Las disposiciones de este Artículo no crearán un precedente reclamable por terceros ajenos a la propiedad objeto del permiso. Entendiéndose que, sujeto a lo dispuesto en esta Ley, una determinación final se considerará final y firme, o un permiso, y no podrá ser impugnado una vez el solicitante haya cumplido con todos los requisitos establecidos en la notificación de determinación final y haya transcurrido el término de veinte (20) días sin que una parte adversamente afectada por la notificación haya presentado un recurso de revisión o un proceso de revisión administrativa, así como haya transcurrido el término de treinta (30) días para solicitar revisión judicial. No obstante, la parte adversamente afectada por una determinación final, podrá ser revisada sujeto a lo establecido en esta Ley.
>
> De igual manera, tales permisos deberán ser sostenidos en su legalidad y corrección por las Entidades Gubernamentales Concernidas frente a ataques de terceros. Cuando medie fraude, dolo, engaño, extorsión, soborno, o la comisión de algún delito en el otorgamiento del permiso, o en aquellos casos en que la estructura represente un riesgo a la salud, la seguridad,

a condiciones ambientales o arqueológicas, y sujeto a lo dispuesto en esta Ley, el permiso otorgado por la Oficina de Gerencia, por el Municipio Autónomo con Jerarquía de la I a la V o por el Profesional Autorizado, deberá ser revocado. La obra deberá ser modificada, conservada o demolida, sólo después de que el foro administrativo o judicial competente así lo determine y siguiendo con el procedimiento judicial establecido en el Capítulo XIV de esta Ley, además de cumplir con el debido proceso de ley. 23 LPRA sec. 9019i. (*Énfasis suplido*).

En cuanto al término para solicitar revisión administrativa, el Art. 11.6 de la Ley Núm. 161-2009, dispone que, una parte adversamente afectada por una determinación final de la OGPe, podrá presentar una solicitud de revisión administrativa ante la División de Revisiones Administrativas, dentro del término jurisdiccional de veinte (20) días contados a partir de la fecha de archivo en autos , de copia de la notificación de la determinación final.[2] Asimismo, el Art. 13.1 de la Ley Núm. 161-2009, provee un término de treinta (30) días para que la parte afectada por una determinación final, permiso o resolución de la OGPe presente un recurso de revisión administrativa ante el Tribunal de Apelaciones.[3] En ambas instancias, la determinación final objeto de revisión será confirmada cuando esta sea basada en evidencia sustancial que obre del expediente.[4]

De igual manera, la Ley Núm. 161-2009, autoriza que, una parte con interés propietario o personal que pudiera verse afectado, pueda presentar una solicitud de recursos extraordinarios ante el Tribunal de Primera Instancia, con el propósito de solicitar la revocación de un permiso, la paralización de una obra, la demolición de obras, entre otros remedios. Art. 14.1 de la Ley Núm. 161-2009, *supra*, *Díaz Vázquez et al. v. Colón Peña et al.*, supra.

En particular, menciona que:

La Junta de Planificación, un Municipio Autónomo con Jerarquía de la I a la III, una Entidad Gubernamental

---

[2] 23 LPRA secc. 9021r.
[3] 23 LPRA secc. 9023.
[4] Artículos 11.9 y 13.4 de la Ley Núm. 161-2009, *supra*.

Concernida que haya determinado que sus leyes y reglamentos han sido violados, o cualquier persona privada, natural o jurídica, que tenga un interés propietario o personal que podría verse adversamente afectado, podrá presentar una acción de injunction, mandamus, sentencia declaratoria, o cualquier otra acción adecuada para solicitar: 1) **la revocación de una determinación final otorgada, cuya solicitud se haya hecho utilizando información incorrecta o falsa**; 2) la paralización de una obra iniciada sin contar con las autorizaciones y permisos correspondientes, o incumpliendo con las disposiciones y condiciones del permiso otorgado; 3) la paralización de un uso no autorizado o de una construcción autorizada mediante permiso, para la cual no se hayan realizado los pagos correspondientes a aranceles, pólizas, arbitrios y sellos; 4) la demolición de obras construidas, que al momento de la presentación del recurso y al momento de adjudicar el mismo no cuenten con permiso de construcción, ya sea porque nunca se obtuvo o porque el mismo ha sido revocado. 23 LPRA sec. 9024. (*Énfasis suplido*.)

Como podemos ver, el Art. 14.1 de la Ley Núm. 161-2009, *supra*, deja claro que, podrá solicitarse la revocación de un permiso cuando quien lo solicita haya brindado una información *incorrecta o falsa*.

**B.** *Moción de Desestimación*

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, faculta a la parte contra la cual se presente una alegación en su contra a presentar una moción de desestimación, por los fundamentos siguientes: 1) falta de jurisdicción sobre la materia; 2) falta de jurisdicción sobre la persona; 3) insuficiencia del emplazamiento; 4) insuficiencia del diligenciamiento del emplazamiento; 5) dejar de exponer una reclamación que justifique la concesión de un remedio, y 6) dejar de acumular una parte indispensable.[5] *Inmob. Baleares et al. v. Benabe et al.*, 2024 TSPR 112, 214 DPR ___ (2024); *Blassino, Reyes v. Reyes Blassino*, 2024 TSPR 93, 214 DPR ___ (2024); *Costas Elena y otros v. Magic Sports y Otros*, 213 DPR 523 (2024); *Díaz Vázquez et al. v. Colón Peña et*

---

[5] *Cobra Acquisitions, LLC v. Mun. de Yabucoa et al*, 210 DRP 384 (2022); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013).

*al.,* supra. La precitada regla permite a la parte demandada presentar una moción de desestimación debidamente fundamentada previo a contestar la demanda instada en su contra. *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043 (2020); *Casillas Carrasquillo v. ELA,* 209 DPR 240 (2022).

Asimismo, el Tribunal Supremo de Puerto Rico ha establecido que, al momento de considerar una moción de desestimación, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante.[6] *Inmob. Baleares et al. v. Benabe et al.,* supra; *Blassino, Reyes v. Reyes Blassino,* supra; *Díaz Vázquez et al. v. Colón Peña et al.,* supra. Es por lo que, para que proceda una moción de desestimación, "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de [D]erecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor".[7] *Cobra Acquisitions, LLC v. Municipio de Yabucoa,* supra, pág. 396; *Casillas Carrasquillo v. ELA,* supra, pág. 247; *Cruz Pérez v. Roldán Rodríguez,* supra, págs. 267-268; *Díaz Vázquez et al. v. Colón Peña et al.,* supra. Bajo este criterio, procederá la desestimación de la demanda si aun interpretando la reclamación de forma liberal, no hay remedio alguno disponible en el estado de Derecho. *Blassino, Reyes v. Reyes Blassino,* supra; *BPPR v. Cable Media,* 2025 TSPR 1, 215 DPR ___ (2025).

Nuestra más alta Curia ha reiterado que, una demanda no deberá ser desestimada a menos que la razón para solicitar el remedio no proceda bajo supuesto de derecho alguno, ni pueda ser

---

[6] *Cobra Acquisitions, LLC v. Municipio de Yabucoa,* supra, pág. 396; *Casillas Carrasquillo v. ELA,* supra, pág. 247; *Rivera Sanfeliz v. Jta. Dir. FirstBank,* supra, pág. 49; *Cruz Pérez v. Roldán Rodríguez,* 206 DPR 261, 267 (2021); *Colón Rivera et al. v. ELA,* supra, pág. 1049.

[7] *Rivera Sanfeliz v. Jta. Dir. FirstBank,* supra, pág. 49; *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654 (2013); *López García v. López García,* 199 DPR 50, 69-70 (2018).

enmendada con el propósito de subsanar cualquier posible deficiencia. *Díaz Vázquez et al. v. Colón Peña et al.,* supra.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

En su único señalamiento de error, la parte apelante sostiene que, el foro de primera instancia incidió al desestimar la demanda en cuanto a la OGPe, por motivo de que esta no expone una reclamación que justifique la concesión de un remedio. La parte apelante arguye que, de las alegaciones de la demanda se desprende que, la autorización del permiso fue obtenida mediando engaño y en violación a la Ley, a la política pública establecida por el ELA y al debido proceso de ley.

Adelantamos que, no le asiste la razón. Veamos.

Según se desprende del expediente, el 12 de julio de 2022, el señor Asdrúbal Cruz Caraballo por medio del Agrimensor Benigno Rodríguez Burgos presentó la solicitud de Autorización de Planos de Inscripción 2020-327090-API-015036 ante la parte apelada. Posteriormente, el 2 de agosto de 2023, la OGPe autorizó el plano de inscripción número 2020-327090-API-015036. Más adelante, fue presentada la solicitud de autorización de plano de inscripción sustituto número 2020-327090-API-016609, con el propósito de cambiar el nombre del señor Asdrúbal Cruz Caraballo, por el del señor Joseé M. Cruz Caraballo, por ser el nuevo usufructuario del predio. Según explica la parte apelada, una vez analizada la solicitud 2020-327090-API-016609, fue aprobado el plano sustituto y expedida la *determinación final* el 30 de enero de 2023. Transcurrido el término para recurrir de dicha determinación final sin que se solicitara su revisión administrativa ni judicial, esta advino *final y firme.*

Así las cosas, el 30 de mayo de 2024, la parte apelante presentó la *Demanda* sobre *mandamus*, sentencia declaratoria y daños y perjuicios, en contra de la OGPe. La misma fue enmendada el 6 de junio de 2024.

De acuerdo el derecho reseñado, la Ley Núm. 161-2009, *supra*, permite que, una parte con interés propietario o personal que pudiera verse afectada, pueda presentar una solicitud de recursos extraordinarios ante el Tribunal de Primera Instancia, con el propósito de solicitar la revocación de un permiso, la paralización de una obra, la demolición de obras, entre otros remedios.[8] El Art. 14.1 del precitado estatuto, dispone que, dicha persona con interés propietario o personal podrá presentar una acción de *injuction*, *mandamus*, sentencia declaratoria o cualquier otra acción adecuada para solicitar la revocación de una determinación final otorgada, cuya solicitud se haya hecho utilizando información incorrecta o falsa.[9]

Como podemos observar, el Art. 14.1 de la Ley Núm. 161-2009, *supra*, deja claro que, únicamente procederá la revocación de un permiso ya expedido cuando el solicitante del permiso lo hubiere obtenido utilizando información *incorrecta o falsa*. Dicho artículo deberá ser visto en armonía con el Art. 9.10 del precitado estatuto. Ello, en la medida en que, como bien resuelve el foro de primera instancia, además de demostrar que del expediente administrativo no surge evidencia que justifique la expedición del permiso, para que proceda la revocación de un permiso final y firme, la parte apelante debe demostrar inequívocamente que, el permiso se obtuvo mediando fraude, dolo, engaño, extorsión, soborno o la comisión de algún otro delito. De igual manera, el Art. 9.10 de la Ley Núm. 161-

---

[8] Art. 14.1 de la Ley Núm. 161-2009, *supra*, *Díaz Vázquez et al. v. Colón Peña et al.*, supra.
[9] 23 LPRA sec. 9024.

2009, *supra*, establece una presunción de corrección y legalidad de las determinaciones finales y de los permisos expedidos por la OGPe que deberá ser rebatida fehacientemente por la parte que impugna dicha determinación o permiso.

Contrario a lo alegado por la parte apelante, de una revisión del expediente se puede constatar que, la parte apelante no alegó en su reclamación de forma expresa y específica la existencia de fraude, dolo, engaño, extorsión, soborno o la comisión de algún otro delito en la obtención del permiso en cuestión, según requiere la Ley Núm. 161-2009, *supra*. Asimismo, la parte apelante tampoco rebatió la presunción de corrección y legalidad de las determinaciones y permisos expedidos por la OGPe.

Es por lo cual, es inmeritorio el señalamiento de error de la parte apelante y el Tribunal de Primera Instancia actuó correctamente al desestimar la *Demanda Enmendada*.

**IV**

Por los fundamentos antes expuestos, se confirma el dictamen apelado.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones